**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NEELAM BHATIA, | ) Case No. CV 15-4151-RGK (JPR) |
| Petitioner, | ) |
| vs. | ) ORDER TO SHOW CAUSE |
| STATE OF CALIFORNIA, | ) |
| Respondent. | ) |

On June 3, 2015, Petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, challenging her conviction for grand theft. (Pet. at 2.) The Petition appears to raise five claims, including ground five, which asserts that "Detective Tapia lied on the stand when testifying."[1] (Id. at 5-6.)

Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless a petitioner has exhausted the remedies available in state

---

[1] Each of Petitioner's claims except ground five says only "See Exhibit A," which is a copy of portions of her Petition for Review in the California Supreme Court. Exhibit A lists six claims (Pet., Ex. A at 2-3), however, and it is unclear which four of these claims she raises in the Petition in addition to the claim concerning Detective Tapia.

1  court.[2]  Exhaustion requires that the petitioner's contentions
2  were fairly presented to the state courts, Ybarra v. McDaniel,
3  656 F.3d 984, 991 (9th Cir. 2011), and disposed of on the merits
4  by the highest court of the state, Greene v. Lambert, 288 F.3d
5  1081, 1086 (9th Cir. 2002).  As a matter of comity, a federal
6  court will not entertain a habeas petition unless the petitioner
7  has exhausted the available state judicial remedies on every
8  ground presented in it.  See Rose v. Lundy, 455 U.S. 509, 518
9  (1982).  A federal court may raise the failure-to-exhaust issue
10 sua sponte and summarily dismiss on that ground.  See Granberry
11 v. Greer, 481 U.S. 129, 134-35 (1987); Stone v. City & Cnty. of
12 S.F., 968 F.2d 850, 856 (9th Cir. 1992) (dictum).

13      Petitioner acknowledges that ground five has never been
14 presented to the California Supreme Court (see Pet. at 7 (stating
15 that claim was not previously raised because she was advised by
16 her appellate attorney that "only mistakes committed are
17 appealed")); in contrast, it appears that all other grounds have
18 been exhausted in a Petition for Review before the California
19 Supreme Court (id. at 5-7).  Ground five therefore is
20 unexhausted, and her inclusion of that claim renders the Petition
21 a "mixed petition," containing both exhausted and unexhausted
22 claims.  Such petitions must generally be dismissed.  See Rose,
23 455 U.S. at 522.

---

[2]   A habeas petition "shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

In certain "limited circumstances," a district court may stay a mixed petition and hold it in abeyance while the petitioner returns to state court to exhaust any unexhausted claims. See Rhines v. Weber, 544 U.S. 269, 277 (2005). Under Rhines, the prerequisites for obtaining a stay while the petitioner exhausts her state remedies are as follows: (1) the petitioner must show good cause for her failure to earlier exhaust the claim in state court, (2) the unexhausted claim must not be "plainly meritless," and (3) the petitioner must not have engaged in "abusive litigation tactics or intentional delay." Id. at 277-78.

Petitioner acknowledges that ground five is unexhausted but does not fully explain why she did not earlier raise the claim, which appears to concern a matter she knew about at the time of trial. Moreover, because the claim is wholly conclusory as presented, it appears to be "plainly meritless." Indeed, because she states that her attorney "should have objected" to the detective's testimony (Pet. at 7), it is not clear whether she seeks to raise an ineffective-assistance-of-counsel claim or some kind of prosecutorial misconduct or Napue claim.[3] Thus, it is unclear from the face of the Petition whether Petitioner can meet the Rhines requirements.

IT THEREFORE IS ORDERED that within 21 days of the date of this Order, Petitioner do one of the following: (1) file a formal

---

[3] See Napue v. Illinois, 360 U.S. 264, 269 (1959) (holding that "a conviction obtained through use of false evidence, known to be such by representatives of the State," violates defendant's right to due process under 14th Amendment).

1  stay-and-abey motion if she believes she can make the required
2  showings under Rhines; (2) voluntarily dismiss the Petition
3  without prejudice under Federal Rule of Civil Procedure 41(a)(1),
4  with the understanding that any later petition may be time barred
5  under § 2244(d)(1); (3) voluntarily dismiss ground five of the
6  Petition and elect either to proceed on the exhausted claims —
7  which she must specifically identify — or seek a stay of the
8  fully exhausted Petition under Kelly v. Small, 315 F.3d 1063 (9th
9  Cir. 2003) (as amended) (allowing for stays of fully exhausted
10 federal petitions without showing of good cause), overruling on
11 other grounds recognized by Robbins v. Carey, 481 F.3d 1143, 1149
12 (9th Cir. 2007), with the understanding that she will be allowed
13 to amend any newly exhausted claim back into the Petition only if
14 the claim is timely or "relates back" to the original claims; or
15 (4) show cause in writing why this action should not be dismissed
16 without prejudice for failure to exhaust state remedies.

   Plaintiff is expressly warned that her failure to timely
comply with this Order may result in the Petition being dismissed
for the reasons stated above and for failure to prosecute.[4]

DATED: June 12, 2015

JEAN ROSENBLUTH
U.S. MAGISTRATE JUDGE

---

[4] Petitioner has moved for appointment of counsel. Because it appears that the Petition is partially unexhausted and therefore may be dismissed, appointment of counsel is not appropriate at this time. Cf. Al'Faro v. Cullen, No. C 08-4295 SI (pr), 2010 WL 4690873, at *4 (N.D. Cal. Nov. 10, 2010) (dismissing petitioner's mixed habeas petition and denying motion for appointment of counsel). Accordingly, the request is DENIED. If Petitioner adequately shows cause why her Petition should not be dismissed without prejudice, she may ask the Court to reconsider her request.